LUIS RAMÓN RIVERA, Plaintiff and Appellant, v. AURORA LÓPEZ DE GONZÁLEZ, ETC., ET AL., Defendants and Appellees.

No. 9308.   Argued April 9, 1946.—Decided May 31, 1946.

*José Sabater* for appellant.   *Andrés Ruiz, Jr.,* for appellees.

MR. JUSTICE TODD, JR., delivered the opinion of the court.

Aurora López widow of González, known as Lola López, and her children Carlina, Vicente Eduardo, and Aurora Milagros González López were co-owners of an undivided urban property in Mayagüez. Plaintiff alleges that defendants sold him the aforesaid property for $2,500, and that Doña Lola

acted as attorney in fact of her daughter Carlina domiciled in New York, but that when the deed of sale was about to be executed, they refused to make the conveyance unless plaintiff should pay the sum of $3,000 which another person had offered for the property. He prayed that defendants be ordered to execute the deed in his favor in performance of the contract existing between them.

Defendants alleged that they had never sold the property to Rivera; that defendant Aurora or Lola López was carrying on negotiations with him for the sale of the property for $2,800, as her children did not consent to the sale for $2,500; that while she was carrying on these negotiations with plaintiff, who had offered $2,500, her son, Vicente Eduardo, made a business deal with Mr. Félix Santiago, who offered $3,000 for the property which was actually sold to the latter.

The District Court of Mayagüez rendered judgment for defendants dismissing the complaint, with costs.

Plaintiff appealed and contends that the lower court erred in holding that no contract existed between the defendants and the plaintiff as to the purchase of the urban property in controversy; in holding that no negotiations had been carried on between Vicente Eduardo and Aurora Milagros, children of Doña Aurora López, and the plaintiff as to the selling price of the property; and in holding that Gilberto Mirabal, a broker, did not deserve full credence and in failing to believe the testimony of Attorney Enrique Báez García, who was the notary who intervened in the business deal, or the witness Rafael Quiñones Otero.

As it may be seen, the three errors assigned attack the weighing of the evidence. Said evidence was conflicting, but a careful examination of the transcript of evidence does not convince us that the lower court committed said errors. The mere charge of manifest error in the weighing of the evidence, as well as that the court acted with passion, prejudice, and partiality, is not sufficient to cause a reversal

of the judgment by this court. It should be alleged and proved, or it should clearly appear from the record. *Veláz-quez* v. *Heirs of Blanco,* 50 P.R.R. 282; *Gilormini* v. *Lorenzo,* 44 P.R.R. 812.

In the case at bar defendants' evidence, which was believed by the lower court, tended to show that codefendants Vicente Eduardo and Aurora Milagros González López never transacted or entered into any contract with the plaintiff, or authorized their mother to sell the property for $2,500. As to the mother codefendant, her testimony tended to show that she asked plaintiff for $2,800 as the selling price of the property but that the latter offered $2,500; that her children took no part in the transaction with plaintiff and that she never authorized Mirabal, or any other person, to intervene in the sale of the house, nor did she authorize the plaintiff to pay any commission to Mirabal on account of the deal; that she lent the deed of the property to the plaintiff in order that the latter should study it or consult his attorney and that she permitted him to survey the lot, but that she did not authorize him to prepare a deed of sale for the amount of $2,500, which was at no time accepted by her or by her children.

Since the lower court did not believe plaintiff's evidence to the effect that all the defendants participated in the business transaction and that it was based on the amount of $2,500, and as the evidence presented was conflicting, the judgment appealed from must be affirmed.